Mr. Fox. Yes, may it please the Court. My name is Gerard Fox and I represent Dorian Kingi and 40 plaintiffs whose cases were dismissed. Most of them are here in this courtroom from all over the country. I want to make sure that I lay the foundation for what this case is really about and why, other than the first cause of action, it is not a labor matter. The Guild does not employ its members. It signs them up by offering a membership agreement, which is alleged in each of the complaints, and they collect money in exchange for the promises under that membership agreement with each and every single plaintiff and member. That is no different than a country club that issues a membership agreement. It's a contract. It's a contract with a third party who is not an employee. This is not a grievance. This is not a strike. This is not a constitutional challenge to the provisions of the Guild. The plaintiffs are radically materially differently situated. Let me run you through a few. One had Graves' condition, was on medication so strong that a panel of doctors told her she could never get the shot. She was a very well-employed actress. She got a medical exemption. She contacted her local unit and local Guild and then the National Guild and received, and you'll see this in all of the complaints. Read them, please, before you rule. Every one of them. No response. None. None. Not we're going to intervene or we all know, by the way, shortly after Covid started that people who had had the Covid vaccines were able to get Covid and pass it on to others. These right return to work agreements were mandatory vaccination provisions. Can you go back to where you began? Yes. I'm trying to figure out what you think the significance is of the arrangement between, let me call it the union, SAG, between SAG and its members. Do you think federal labor law doesn't apply? To a membership agreement sold to a third party who's not an employee, who's not on strike, who's not challenging the provisions of the Guild. Did SAG negotiate the collective bargaining agreement on behalf of these people? Yes, it did. But the membership agreements are no different than any third party selling a membership. So your position is that federal labor law doesn't apply at all? It doesn't apply to that claim and it doesn't apply to. Why would it apply to your claim of fair representation? That it does. Well, so you'd like it to be a union for some purposes, but not for others. There were state law claims. I'm asking you about the federal fair representation claim, which seems to me to arise from federal law governing labor unions. And you're saying, well, it's a labor union for purposes of that. Let me finish. For purposes of that claim. But I don't want it to be a labor union for purposes of the other claims. So explain that to me. Your Honor, I file many claims. We have a federal claim and then I have state law claims. And they coexist in the law. Certainly they do. What you're saying today that's unusual is that this is a union for federal purposes, but not for state law purposes. And so tell me what case supports that. There are numerous breaches. And I have in my briefs cited all the provisions that state law claims are state law claims with their own statute of limitations. You can allege that under the representation of violation of 29 U.S.C. section 159A, that they did not, they discriminated against. We're missing each other. So let me try one more time. And then maybe we can just go on. The district court dismissed the state law claims because they thought they were preempted by federal labor law. Yes. Which might well be the case if we're dealing with a union. But you're saying they're not preempted by federal labor law because this is not really a union. It's a contract relationship. And I'm saying, okay, then how do you get to bring a federal labor law claim based on it being a union? Can you have it both separate? I know they're separate claims, but the entity you're saying is a union for some purposes. Your Honor, no, we're not saying that. Okay. You need to let me finish answering my question. Ask my questions before you answer them because you might give the wrong answer. Tell me why you can be a union for some purposes and not others for purposes of these claims. You can't be, but you can be a union that is sued under a fair representation claim because you're discriminating against all of those people who have exemptions that are not being honored by the production companies and you've done nothing to address it. Now, you can also be sued because the membership asked you to sign a membership agreement, a simple contract, to pay dues. And it has a completely separate set of promises that it makes to you as a member to collect those dues. And you sit there and you say, well, you've done nothing for me. You've breached that agreement. And that's a contract. That's nothing other than a contract. I walk in. I say you want to become a member of this guild. Here's a membership agreement. Sign it. We make all these promises. We'll intervene in your career. We'll help you if you have a problem with the production company. We have alleged all of the promises made. And that's a contract. Now, that's very different. And we alleged a breach of that contract because it is a contract. And it is not anything other than a contract. And just because the guild enters into contracts for people to build a building for it, that's a contract. It's enforceable. The guild enters into agreements with vendors who provide all kinds of services. Those are contracts. They enter into agreements to collect money from their members and promise to do certain things. That's a contract.  And they have a right to allege that that contract, separate and apart from their fair representation claim, and we're very clear in our pleadings that there are membership agreements at issue here, and then there's the separate federal claim. They breached that contract. We allege the provisions that were promised. And I believe, and I've practiced law for a long time, the law provides recourse for everyone. I am an actor, and I have signed up and paid you money under a membership agreement where you say you'll intervene on my behalf, and you will step in when I have a problem with my career with the production companies. I have Graves' disease. I have one head palsy disease. One was recovering from cancer. This is my only way to support myself. The only way. And I get a medical exemption. It's not being honored by the production companies, and I ask you to help. And you don't, you not only don't help, you don't respond. Now, is the answer, oh, there's no recourse here. But isn't there recourse under federal law? The claims are preempted by federal law. I disagree with you. Let me finish the question before you answer it. The claims are preempted by federal law. You may well, you have a statute of limitations problem separately, but put that aside. Couldn't you have pursued those claims under the National Labor Relations Act as opposed to independent freestanding state law claims? Because I'm a good lawyer, and that's a contract. Stipulate. Go ahead. First of all, the statute of limitations for a breach of a written contract in the state of California is four years. And it's very convenient to just sweep up what are clearly state law claims and make them federal claims and give my clients free access. That wasn't my question. My question is, could you have pursued these, what we now call state law claims, under federal law, putting aside whether or not they were time barred? Not a breach of a membership agreement, because that is a simple contract offered by the guild like it would offer somebody to build and construct its premises. It's collecting money in exchange for separate promises that it makes to the member. And they pay considerable amounts of money under that contract. That is a contract. And it would not be a federal claim, any more than a contract with the vendor would be a federal claim. You know, there is a contract claim, and we make that very clear. And the other issue is that these statutes all ran at different times. One of these complaints says that the federal vaccination policy for verification had been withdrawn, but the right to work agreement hadn't been withdrawn yet, and he lost a major job because he had a severe reaction to one of the boosters and couldn't take any more. Another person says that they actually recovered from COVID, went to their doctor, and they were told that they were immune for a period of time and not to get another shot because your immune system cannot take a shot when you already have immunity to wait a certain number of months. He lost work, went to the union, no response. Not everything that involves these guilds is a federal matter. Yes, we made a federal claim that they discriminated against those people who had serious exemptions. They provided no help. They provided no input. They were never allowed to provide any input on these right to work agreements. And any time one person tried to come into the board of directors meetings and wasn't allowed, they complained to their local union offices, to the federal offices, to the federal executives in that office. There was no response. And look, when your guild leaves you out in the cold at the most, and let's not just walk away from how difficult a period that was, lawyers got to work from home remotely. Doctors wore masks. Accountants got to work from home. But these people lost all their income. Their lives were turned upside down. They went from losing their mortgages and their houses. And why? Why? Because they had Graves' disease? Because they had palsy? Because they already had recovered and their doctor said wait six months? And they went to their guild? One person had a blood clotting issue and the guild doesn't even respond. Doesn't even respond. And why am I paying them dues if they're not responding under this contract I entered into with them? Because the contract, in your view, creates a duty on their part to fairly represent all of their members, right? Not fairly represent. The contract's pretty clear, that they're to assist them with their career and interact with the production companies when there's an issue. That's what the contract says. That's why the guild exists. And how is that different from representing them as a labor union? Because this is not, they could have just said, hey look, if you join the guild, it's all subject to some statutory provision. They offered membership agreements and offered very specific promises. Does federal preemption turn on, I've never thought that federal preemption turned on whether the contract says this is subject to federal law. It's subject to federal law whether they say it or not, right? A breach of contract claim on its face is not a federal claim. And I will stand on that. If you look at the agreements, the membership agreements, they are securing dues that are very significant and making promises under that contract. That is not a federal claim. Just because it's a federal guild, it is not. It just isn't. You can look at all the cases where preemption applies. This is very different. This is somebody who signed a contract with the guild and said, hey, I'll pay you for what you're promising to do for me. But your claim at the end of the day, phrased broadly, is you did a terrible job under the contract. You didn't do what this contract required, right? My claim at the end of the day is that you breached the contract that I paid you thousands and thousands of dollars for. So your answer to my question is yes.  And to get back to Judge Miller's question, why isn't that a federal labor law claim? Because the contract is a contract to join a union. It's not a contract to join the union. It's a contract to be a member under conditions where promises are made and payments are made in exchange for those promises. That contract is a contract that lives outside of the permutations of federal statutes and federal law. You have a contract for your compensation. If someone doesn't pay you, is that a federal claim? No, it's not. So you cannot just say, because we're looking at this through the prism of a federal. And the guild can be sued. It's not an extension of the federal government. It does put together agreements with production companies. It does negotiate on behalf of the whole union when there's a strike. It does do certain things of that sort that are covered by the labor law. But when I walk up and I say, hey, I'm an actor. What are you going to do for me? Here, this is the things we're going to do. We're going to take a lot of money out of your earnings. And I say at the end of the day, I got a contract. And this is what you're going to do for me. This isn't a strike. This isn't a constitutional challenge. And now I need you more than I have ever needed you. I have graves condition. I have palsies condition. I have blood clotting. I am recovering from cancer. I have a medical exemption. It's not being honored by the production companies. And you have said among the other things you do for my dues that I pay you, that you would intervene and file a grievance. Nope, you don't do that. And by the way, the statutes, even if you were just to talk about the federal claim that was brought, you have an individual who at the very end loses a significant film because they don't take the right to work agreement and withdraw it, which is mandatory vaccinations, when the federal policy is that that should no longer be the case. So you're now over your time. And I don't believe you reserved anything for rebuttal, but we will give you a minute for rebuttal. Thank you. Thank you. Good morning, your honors. May it please the court. Lisa Domenovitch. I've also the birds on LLP on behalf of screen actors, skilled American federation of television and radio artists. The key to this case is twofold. One is that the complaint is concerned about the unions support, quote support and defense of the COVID-19 mandate that dates back many years prior to the first complaint being filed. It is clearly time-barred and all the state law cases are also time-barred because they incorporate the same six months statute of limitation on the state law. Did the district court dismiss the state law claims as time barred or as preempted? I believe it was both. So on the preemption side, you can see that the membership agreement is not a CBA. Page 45 of your brief note 11. Okay. Good job. Okay. So if it's not, what kinds of claims can be brought under contract claims under the membership agreement that are not preempted? Well, we'd have to tie to language within the within the membership agreement. So for example, if somebody said I paid my dues, but you refuse to recognize me as a union member, would that be a non preempted claim because it was brought under the contract and didn't require any interpretation of the CBA? Well, if someone, for example, wanted to go to a union meeting, is that what you mean by not recognizing? I'm trying to figure out where the dividing line is between contract claims that are not preempted because the membership agreement is not a CBA and contract claims that are preempted because they're essentially, they implicate the CBA and require interpretation of it. Sure. So where's the dividing line? Yeah. An example of that would be ratification. Not all union contracts require ratification of collective bargaining agreement. Some, some do and some don't. And so if it's a union that actually requires ratification and the union did not submit it to ratification, then that union member would have a claim about ratification that another union member in a different union. So now turn to the claims that your friend brought in this case. Why did they fall? Tell me why you think they fall on the preemption side of the line as opposed to the non-preemption side. Sure. For the, using his words, he twice said that the problem was that the union did not, did not intervene when the employers were not honoring exemptions. So religious and medical exemptions. The problem is that the employers weren't honoring it and the union did not intervene. Well, which employer are we talking about? The union has 160,000 members and has contracts in the commercial space and broadcast space, live TV. None of those. They'd specified the employer. Would it be different? Yes, absolutely. So you think if, if this, if the claim were paramount, I don't know. ABC is not honoring exemptions. That would be a state law claim that is not preempted. No, no, I don't mean that at all. So, but so tell me what, what distinguishes the pre a preempted claim here from a non preempted claim. In other words, part of your argument in this case is you should have pursued all these state law claims through the, through a different mechanism, not in court. They're preempted. You should have sought arbitration or gone to the appropriate federal agency and made a claim.  but yet you say there are some claims under the CBA that are not preempted. And so I'm trying to figure out what the dividing line is. And you, when you, when you say, well, there's a lot of employers that can't be the dividing line because if they voted against one, you'd still be arguing it was preempted. So tell me what the dividing line is. Well, first off, I did not mean to suggest that if there's a claim under a CBA, that that's not preempted. I thought we were talking about, we're talking about, we're talking about, I'm sorry, under the membership agreement where their claim under the membership agreement, which is not a CBA. Now, the question is what kinds of claims under the membership agreement are non preempted contract claims and what kind of claims under the, that they purport to bring under the membership agreement are preempted claims. Well, I can't think of a single claim within the complaint that would fall under a non preempted claim. The essence of their complaint is that the union failed to intervene.  it's twofold. One is the negotiation that back in 2021, that allowed for a production by production decision about the, I thought that was part of their federal claim, but maybe I'm right. No, but I'm just saying what, what's the essence of, what are we even looking at here? That's one aspect. And then the second aspect is the union's conduct in response. After employers were not honoring exemptions for religious and medical reasons. And my point is that when that occurs, you have to look at who's the employer. Is this under the, the return to work agreements, or are we talking about a commercial that would not even fall under this collective bargaining agreement? It'd be a different agreement. So first you, it is important just to understand the framework of who is the employer to see which contract it falls under, because this contract that they're upset about the agreement and wanted there to be intervention and grievances is a specific contract that only some of the employers fall under. And then once you go there and you say, okay, yes, this is an employer that would fall under this agreement. What does the union owe to them? You have to look at that contract and under the return to work agreements, the union specifically did not build in individual enforcement rights against the union. So under the Supreme court's decision in Rawson, it is very clear that there is not a claim against the union for failing to respond and not intervene when the employers, most of which are unnamed and undated fail to honor religious and medical exemptions. Let me try one more time on this because I'm, I'm interested in the preemption aspect, not whether or not they actually stated a good claim. What should they have done with their state law claims? I know you think they fail. I'm not worried about that for the moment, but what the district court in effect said was you shouldn't have pursued them in court. You should have pursued them through statutory mechanisms or arbitration or something. What should they have done with their state law claims in your view, recognizing that you don't think they're good claims, but what procedurally, where should they have brought them? When the, I don't, I don't know the answer to that because I do think that if the union breaches the duty, um, does not fairly represent, they should go into federal court or the national labor relations. They should have brought them as federal claims, uh, and putting aside time bar or whatever is, is that the problem with this case is that these claims were not denominated as federal claims. No, there's two fold problems with the claims. One is that they're time barred, but I asked you to put that aside. You don't have to keep reminding me. Sure. I mean, that's the elephant in the room, but the second issue is that they don't, they don't state a cause of action under the, so just that is the cause of action. Is there in a secondary road that would allow for you to go forward when you can't state a cause of action or the duty of fair representation? And the answer is no. There isn't an, a, an alternative route. Well, one more attempt here. Preemption is a ruling by the court that you can't bring this claim in federal court. There's a statutory mechanism that requires you to pursue it somewhere else. Uh, where should the GFR? Yeah. Where should they have pursued it? You don't have to tell me again, it's a terrible claim and they'd lose under it and they can't, where procedurally have, should they have pursued these state law claims? If not in this action, the, is there an arbitration mechanism? Is there a grievance? Not against the union. I mean, the, I think what you're telling me is there's no place. There's no place for us, no place for them to pursue these claims. There, the essence of their complaint is a duty of fair representation that they feel that the union breached the duty of fair representation. They should have included these in their duty of fair representation claim, which if it had survived the limitations period would have been adjudicated in federal court. Is that what you're saying? Right. And they would have failed also for failure to state a claim. No matter how many times I tell you that you can assume that you keep reminding me about it. So you've reserved it. You don't need to say it again. So your view is that these are really part of their federal fair representation claim and are barred by limitations. Okay. Thank you. That's correct. I mean, the union does not enforce every single federal and state labor and employment law. What the union does is it negotiates collective bargaining agreements and enforces those collective bargaining agreements. And the standard in which the court reviews that is the duty of fair representation. And the roadmap for that review was set out very cogently by a judge of Scanlon, the Demetrius case cited in our brief, you look to see whether it's arbitrary, discriminatory or bad faith and doing reviewing those factors here under the analysis set forth in Demetrius. It's very clear that there is not sufficient allegations to say that either the negotiation of the return to work agreement or the union's subsequent conduct violated that breach of the duty of fair rep, that you reconfigure that action as various causes of action. And the courts, including the U.S. Supreme court, have already said that that is preempted by 301 and DFR. So you can't get around the fact that there is a six month statute of limitation and you can't get around the fact that the standard of review for the union's conduct is whether it was wholly irrational. It's a very deferential standard devised by the federal courts in reviewing union conduct. And one case not cited in our papers that I think is important for the court's consideration is Humphrey v. Moore. It's a 1964 Supreme court decision, 375 U.S. 335. And I want to point your attention to the concurrence in that case written by Justice Goldberg and joined by Justice Brennan, the only two labor lawyers on the Supreme court who've been on the Supreme court. And there they talk about this tension that's presented in this case between the collective rights and the individual's rights. And there is a tension. In that case, it was seniority. Some people were going to lose jobs based on how the seniority ranking was done. And Justice Goldberg wrote at page 358, the understandable desire to protect the individual should not emasculate the right to bargain by placing undue restraints upon the contracting parties. And he continues trial hearing standards or conceptions of vested contractual rights, nor should trials hearing settings or conceptions of vested contractual rights be applied. So as to hinder the employer and the union and their joint endeavor to adapt the collective bargaining relationship to the exigencies of economic life. That's what happened here is tough circumstances. It's it's horrible. The situations that the, the, the members faced, the employers had a legal obligation to honor medical and religious exemptions, but the complaint fails to state a claim and certainly isn't timely as court dismisses for failure to state a claim. No, they did not. You're asking us to affirm on a basis different than the district court. You could affirm on that basis. You were asking us to. I mean, the union would like to be not out on a technicality, but to have it recognized that the, that the conduct here did not breach its duty. But obviously the more simplistic, you think the limitations period is a technicality. Well, it's an important principle of federal jurisprudence. I mean, if we were, if we thought this was a timely claim, wouldn't the appropriate thing to do to be sent it back to the district court to figure out whether it states a claim? No, not under, not briefed by the other side. Your briefing really doesn't address in any great detail this alternative mechanism. Why should we take it up for the first time on appeal? We certainly, I know we can, we can do whatever we want. Right. You don't have to. You can certainly affirm on the basis of statute of limitations, but there is ample evidence in the record and review of the complaint. And following Judge O'Scallion's analysis and Demetrius and Supreme Court's precedent in Rawson, certainly you could see that there is a failure to state a claim. And there's nothing in the briefing to suggest that there's additional facts that would allow for stating a federal claim against the union. Are there no further questions? Thank you.  All right. Mr. Fox, rebuttal. I want to make a couple of very quick important points. First of all, not all the federal claims were time barred. And in fact, in court, the judge realized that, you know, state law claims were filed before they were removed. And some of these claims arrived very late in the right to work agreement, like the person who lost a huge, huge film because the right to work agreement wasn't repealed quick enough. She made no findings, search her opinion, as to the 40 different claims and when they accrued. None.  Do you have a theory of how any of them accrued? I had thought that the latest any of them could possibly have accrued was upon the expiration of the return to work agreement. Is that right? You have to have a claim has to be right. Right? And so you have a right in the return to work agreement is in force. It's at the very end. The federal laws changed. He calls his guild. They breached their agreement. And they don't do anything. But the point is that you. I'm sorry, but what. So it did something happen after the expiration of the return to work agreement that would have caused the claims to accrue. Yeah. At a later date than that. He went back in and asked for the to be reinstated. He wasn't. They never made any effort to assist him in this position. And what date was what date was that? Because this is the return to work agreement expires complaint. And by the way, the complaints are very detailed. If you could just tell me what the data is, that would be helpful. I'd have to go back and pull 40 different complaints. But I'm going to tell you that there was no fun. So you're asking me to go back and pull 40 different complaints. I mean, judge. If she's going to dismiss these claims, she has to determine when they accrued And give the plaintiffs an opportunity. By the way, there should have been a right for leave to amend. Because if there was any question in her mind as to when they accrued, she should have allowed for that. Plus many of these complaints do list the production company. That is a signatory with the guild NBC universal. They named them in the complaints. The complaints were disregarded. They were treated as though whatever the guild said, the complaints were, is what they are. They're very detailed. In fact, the judge had us thin them down and consolidate them. There was never any right for leave to amend, so she could figure out when a claim accrued. Counsel, on the leave to amend issue, in your briefing, you do not cite to any specific allegation in any complaint or the record, or make any specific representation as to how you would amend the complaint to address any of these issues in terms of timeliness. Can you give me one specific example and tell us where exactly in the complaint is and what you would allege differently to address the timeliness? We would be very specific as to when each claim accrued. Give me one proper, specific name and specific allegation that meets the pleading requirements under federal law. The person with Graves' condition had their doctor's opinions for months and months and months. Finally, she came to the guild and asked them to do something. On what date? I'd have to put that in the question. Was it a date after? By the way, let me finish. Was it a date after the date that Judge Miller? See, that's my concern. Judge Miller says the agreement terminates on a certain date. So tell me what happened on what date. You're living in my opinion. I'll let you answer, but you've got to let me finish. Tell me what happened on a date after that that gave rise to accrual of a claim. I know you can't give me a specific date. So tell me what happened on a date after the end of the agreement that gave rise to accrual. Okay, you're going to talk over me whatever happens, so you just talk. I'm sorry. I didn't mean to. I have a breach of contract claim, and I believe that it is not a federal claim. And in the breach of contract claim, which is a four-year statute of limitations, but even if we're in the federal statute, if you read the complaint, you will see the same pattern. They asked at the local guild. Some of them went to the EEOC and let that play out. Some filed down their LRB claims that were dismissed. Everyone sent them back to the guild, and they would try to get an answer from the guild. The guild would ask for information. They never got a response. How long did that carry out? Well, for some of them, it carried out until shortly before they filed their complaints. The guild never got back to them. They're consistent in saying one thing. The guild gave no response. They didn't even say she acknowledges that their exemption should have been honored. And so here you are with Graves condition or a policy. You're going to lose all, all, all of your income because the production companies are not honoring your exemptions. And you go to your guild, and they ask for information. You give it to them over a series of months. And then they ask you more questions, and then they never respond, never. So when do you wake up and say, I have a claim here under my membership agreement? And actually all of them that came in said, I pay all these dues. I signed a membership agreement. They're supposed to help me in these situations. Here I am. I've waited months or years. I've gone to the NLRB. I've gone to the EEOC. And I've been sent back here. Now I'm here, and I'm asking them for some help. And finally I wanted to say. Well, I think you. There are no. So I think we understand your argument. So thank you, counsel. We thank both counsel for their arguments and the cases submitted.
judges: HURWITZ, MILLER, SUNG